UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:02-CR-00186-LRH-RJJ |
| Plaintiff, ) | 2:06-CV-00013-LRH-RJJ |
| ) | 2:07-CV-01609-LRH-RJJ |
| v. ) | |
| JESUS ESTRADA, ) | ORDER |
| Defendant. ) | |

Before the court is Jesus Estrada's Application for Certificate of Appealability (#159[1]). Because Estrada has demonstrated that reasonable jurists could disagree about this court's assessment of his Fifth Amendment ground for relief, Estrada's application for a certificate of appealability is granted.

On March 2, 2009, this court denied Estrada's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  In its order, the court held that Estrada had not shown he was entitled to relief under either of the two grounds asserted in his motion to vacate.  Estrada now seeks a certificate of appealability on the first ground for relief, that is, this court violated Estrada's Fifth Amendment due process right to a fair and just sentence by imposing a leader or organizer sentence enhancement with no evidentiary support.

---

[1] Refers to the court's docket

1   Generally, a petitioner must make "a substantial showing of the denial of a constitutional
2 right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner
3 "must demonstrate that reasonable jurists would find the district court's assessment of the
4 constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5   The Supreme Court further illuminated the standard for issuance of a certificate of
6 appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case,

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (*quoting Slack*, 529 U.S. at 484).

   The court concludes that Estrada has demonstrated reasonable jurists could debate this court's assessment of his Fifth Amendment ground for relief. Although the Ninth Circuit requires actual evidence to challenge a PSR's findings, *see United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003), at least the Eighth Circuit has not required such a showing, *see United States v. Stapleton*, 268 F.3d 597, 598 (8th Cir. 2001). The Eighth Circuit has also concluded that "the presentence report is not evidence and not a legally sufficient basis for making findings on contested issues of fact." *Id.* (brackets omitted). Had this court followed Eighth Circuit law, the outcome of Estrada's § 2255 motion may have been in his favor. Because conflicting views among circuits is sufficient to warrant a certificate of appealability, *see Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000), the court grants Estrada's application. Pursuant to 28 U.S.C. § 2253(c)(3), the court therefore defines the following issue for appeal: whether this court's imposition of a leader or organizer sentence enhancement violated Estrada's rights under the Due Process Clause of the Fifth Amendment.

IT IS THEREFORE ORDERED that Estrada's Application for Certificate of Appealability (#159) is GRANTED.

IT IS SO ORDERED.

DATED this 10th day of April 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3